## GORHAM *v.* FELKER.

The verdict in this case being unsupported by any evidence, it was contrary to law, and ought to have been set aside. ATKINSON, J., dissenting.

Argued June 23, — Decided August 10, 1897.

Action for damages.   Before Judge Hutchins.   Walton superior court.   August term, 1896.

*Foster & Butler* and *C. L. Pettigrew*, for plaintiff.
*Henry D. McDaniel*, for defendant.

SIMMONS, C. J.   Of the six members composing this court, five have no hesitation in declaring that the trial judge abused his discretion in refusing to grant a new trial in this case upon the ground that there was no evidence to support the verdict.

Gorham was engaged in the business of erecting lightning-rods.   He sent out his agent with special instructions.   These instructions were embodied in a printed form, and embraced in the order taken by the agent from the customer.   On the margin of the printed order were the following words: "It is expressly understood by the signer of this order that he signs the same on his own judgment, after due deliberation by him, without any undue influence having been used, or relying on any representation made by any agent or person, other than what is written or printed on this blank."   The blank was as follows:

### "ORDER FOR LIGHTNING-RODS.

"M............................., Agent for W. C. Gorham.

Sir:   Erect or deliver at your earliest convenience your IMPROVED PATENT LOCK-SCREW-COUPLING LIGHTNING RODS, manufactured by 'The Franklin Lightning-Rod Company,' at or on my........................................in the county of ..................., State of....................., viz.,..............Points, ..............Ground Rods, in accordance with the scientific rules as printed on the back of this order; and I agree to settle for the same by cash, or note due ........................., at 47 1-2 cents per foot for the rod, and the price of five feet of rod for each Brace, and $3.50 for each Point, $2.50 for each Ball, and $4.00 for each Arrow; no extra charge for work.   If I fail to comply with the terms of the above order when the material is tendered on my premises, I hereby agree to a forfeiture of one half the cost of the material necessary for the work, at

prices quoted in the order, to be paid in cash, at time of delivery. Given the.........day of........., 189....

"................................."

A. J. Godwin was the agent of Gorham. He applied to Felker for an order to put up lightning-rods over Felker's stable. Felker agreed to have the rods erected, if Godwin, the agent, would agree to purchase from him a stallion at the price of $750.00. · Felker says that Godwin told him he had power and authority to make the purchase. They filled out the blank and, after the words, "I agree to settle for the same by cash," interlined "when he pays me $750.00 for stallion and puts up rods as I direct." The order was signed by Felker and accepted by Godwin. Shortly after this order was signed, Gorham, the principal, arrived in Monroe where Felker resided, and after being informed of this contract made by his agent, refused to ratify it, informing Felker that the agent had no authority to make such a contract, and that the blank which he had filled out showed that he had none such; whereupon Felker sued out an attachment against Gorham and had it levied upon his property. The record shows that Gorham was put to great expense and inconvenience to replevy the property. In the trial of the attachment case in the superior court, Felker was nonsuited. Gorham then brought this action against Felker for malicious prosecution and malicious use of legal process, and on the trial the jury returned a verdict in favor of Felker. Gorham moved for a new trial, and upon the refusal of the trial judge to grant it, he excepted.

As before remarked, we are clearly of the opinion that under the evidence in the record the verdict was wrong and the judge should have granted a new trial. Mr. Felker is a lawyer and presumed to know the law. How he or any other man of common sense could read the above order and come to the conclusion thereunder that Godwin, the agent who had been sent out to make contracts for the erection of lightning-rods, had power or authority to buy a stud-horse, is beyond our comprehension. The blank order expressly stipulates that the lightning-rods shall be paid for in cash or by note. The order as taken changes the whole scheme of the principal. Instead of

an agreement by Felker to pay for the lightning-rods in cash or by his note, it becomes an agreement by Gorham, the principal, to pay Felker $750 for the stallion. When Gorham pays him the $750 and puts up the rods, he then agrees to pay for the latter at 47½ cents per foot, etc. Moreover, the printed matter in the margin of the order expressly warns customers, not to rely upon any representation made by any agent or person, other than what is written or printed upon the blank. Although the agent may have told Felker that he had authority to buy the horse, the above was sufficient to have put him upon notice that no such authority existed. Godwin's authority was confined to making contracts for the erection of rods to be paid for in cash or by note. Besides, Godwin, the agent, in his testimony in this case, denies that he told Felker that he had authority to buy the horse. It was attempted to prove on the trial of this case that Godwin had made different statements in the first trial; that he had stated then, under oath, that he had told Felker that he had authority; but the witnesses introduced to impeach Godwin on this point testified only to his stating that he (Godwin) had authority to make trades, alluding to trades for the erection of lightning-rods. Felker testifies that he saw the warning at the top of the order, but was satisfied with Godwin's assertion that he had authority to make the trade. It seems to us, as before stated, that any man of common sense, whether a lawyer or not, ought to have known that when an agent has special authority in writing and a warning is given not to rely upon any representations he may make, he can not make a contract with such agent exceeding the powers given in the writing and rely upon the word of the agent that he has power to do so.

All of the evidence, including that of Mr. Felker himself, shows that he sued out the attachment and prosecuted it without probable cause. There being a total want of probable cause, the law will infer legal malice.

For these reasons we think the verdict was contrary to law and contrary to the evidence, and that the court erred in refusing a new trial.

*Judgment reversed. All the Justices concurring, except Atkinson, J., dissenting.*